

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 13, 2017.**

_Craig A. Gargotta_
_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY CfOURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-51130-CAG |
| | § | |
| DAVID W. CLARK and | § | |
| DIANA S. CLARK, | § | |
| | § | CHAPTER 13 |
| Debtors. | § | |

### ORDER GRANTING TRUSTEE'S OBJECTION TO EXEMPTIONS (ECF NO. 15)

This is the Court's order on Trustee's Objection to Exemptions (ECF No. 15). The Court held a hearing on this matter on October 23, 2017, and reset the matter for ruling on November 14, 2017. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(B). For reasons stated in this Order, the Court is of the opinion that the Trustee's objection should be GRANTED.

### FACTUAL BASIS AND PARTIES CONTENTIONS

On May 15, 2017, Debtor filed a Petition for bankruptcy relief with this Court under chapter 13 (ECF No. 1). On August 14, 2017, Trustee filed Trustee's Objection to Exemptions. (ECF No. 15) ("Objection"). On August 24, 2017, Debtors filed Response to Objection to

Exemptions (ECF 17). Debtors previously filed five bankruptcies under which they claimed the exemptions at issue. Four of the five cases were chapter 13 cases which were ultimately dismissed.[1] In three of those cases, a plan was confirmed but not completed.[2] Most recently, Debtors filed a chapter 13 case which was converted to a chapter 7 case and the Court entered a discharge.[3] At no time during these cases did the chapter 13 trustee or the chapter 7 trustee object to these claimed exemptions.

Trustee objects to the following exemptions claimed as "home furnishings, including family heirlooms" by Debtors: (1) personal property described as "baseball cards"; and (2) personal property described as "NASCAR collectibles." Trustee contends that neither of these items constitute home furnishings under Tex. Prop. Code § 42.002(a)(1) and Debtor has not provided evidence to show that these assets are family heirlooms. In response, Debtors assert that such items are household furnishings under Tex. Prop. Code § 42.002(a)(1) and argue that these items were owned by the Debtors when they filed their prior bankruptcy cases and no objection to exemptions were ever filed by the Chapter 13 Trustee. Debtors further argue that Debtors recently finished a chapter 7 case, and if these items had value to produce any dividend to unsecured creditors, the Chapter 7 trustee would have liquidated them.[4] Thus, the issues before this Court are as follows: (1) whether Trustee's Objection is barred by res judicata; and if not, (2) whether the baseball cards and NASCAR collectibles constitute "home furnishings" under Tex. Prop. Code § 42.002(a)(1).

---

[1] Case Nos. 08-50101, 09-54478, 11-52214, and 15-51664
[2] Case Nos. 08-50101, 09-54478, and 11-52214
[3] Case No. 16-50707
[4] Debtors also argue, "Debtors do not have any unsecured creditors so there is no way to pay unsecured creditors anything." The Court elected not to address this argument, as it is not dispositive to the issues at hand.

**LEGAL ANALYSIS**

**A. Res Judicata**

The first question the Court must determine is whether Trustee's Objection is barred by res judicata. Specifically, the Court must determine (1) whether the claim of exemptions in previous chapter 13 cases that were ultimately dismissed without a discharge is binding upon a subsequent chapter 13 trustee; and 2) whether the claim of exemptions in a previous chapter 7 case where the debtors received a discharge is binding upon a subsequent chapter 13 trustee. This Court finds the answer to both questions is "No."

"Under the Fifth Circuit's four-prong test for res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and the same cause of action must be involved in both cases; additionally, where the four elements of the res judicata test are met, the [C]ourt must also determine whether the previously unlitigated claim could or should have been brought in the earlier litigation." *Ries v. Paige,* (*In re Paige*), 610 F.3d 865, 870 (5th Cir. 2010) (citations omitted). For purposes of this analysis, Debtors' prior bankruptcy cases can be grouped into two categories: (1) the four chapter 13 cases that were ultimately dismissed without a discharge and (2) the most recent case originally filed as a chapter 13 case but converted to a chapter 7 case where the debtor received a discharge.

As to the four chapter 13 cases that were ultimately dismissed, the third element of res judicata, a final judgment on the merits, is not satisfied. In a chapter 13 case, a debtor must provide his or her creditors with at least as much as they would receive in a chapter 7 liquidation. 11 U.S.C. § 1325(a)(4) (2012). In determining that amount, the debtor excludes the value of exempt property. *In re Green,* 359 B.R. 262, 265 (Bankr. D. Az. 2007). At that point, it is the trustee and/or creditors

responsibility to challenge the accuracy of that amount. *Id.* "If no objections are made, nor made and sustained, and if the debtor's chapter 13 plan otherwise complies with the Bankruptcy Code's requirements, the debtor's plan will be confirmed." *Id.* "Thus, it is in that context, the debtor's plan—with its *automatic exclusion* of the debtor's *claimed exemptions*—becomes the *confirmed* plan." *Id.* (emphasis in original). "[Under § 1327], a confirmed plan is *binding* on the debtor, the trustee, and the creditors. Once confirmed and final, its legal effect is *res judicata*." *Id.* at 265–66 (emphasis in original).

"[T]he nature of a Chapter 13 plan [is] an 'exchanged for bargain between the debtor and the debtor's creditors[.]'" ***Wells Fargo Bank, N.A. v. Oparaji (In re Oparaji)***, 698 F.3d 231, 238 (5th Cir. 2012) (citations omitted). "As such, 'when a debtor fails to fulfill their end of the bargain because of the dismissal of their case, a resulting finding that their confirmed Chapter 13 plan is terminated serves to prevent a debtor from obtaining the benefit of those terms in a plan which are advantageous to the debtor.'" *Id.* (citation omitted). While § 349(b) of the Bankruptcy Code is narrowly drafted, the Fifth Circuit has recognized the broad import of the provision noting that " 'the pre-discharge dismissal of a bankruptcy case returns the parties to the positions they were in before the case was initiated.' " *See **In re Oparaji***, 698 F.3d at 238 (quoting *In re Sanitate,* 415 B.R. 98, 104 (Bankr. E.D. Pa. 2009).[5] "Many courts have interpreted this statute to mean that dismissal of a bankruptcy case restores the *status quo ante*." *Id.* (citations omitted). "These broad readings are in harmony with Congress' stated intent that the purpose of this section is to 'undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which

---

[5] The Fifth Circuit acknowledged this broad interpretation as dictum and in the context of judicial estoppel to explain why a bankruptcy court's acceptance of a creditor's claim was revoked when the debtor's bankruptcy case was dismissed without discharge. ***In re Oparaji***, 698 F.3d at 238. It did so, however, by relying in part on a res judicata case from a bankruptcy court in the Eastern District of Pennsylvania, ***In re Sanitate,*** 415 B.R. 98 (Bankr. E.D. Pa. 2009). Thus, it is this Court's opinion that the Fifth Circuit would apply this same broad interpretation to a bankruptcy case involving res judicata.

they were found at the commencement of the case.'" ***Id.*** (citations omitted).

Here, in three of the four cases, a plan was confirmed, but not completed, and each case was ultimately dismissed without a discharge. Even though each confirmed plan contained an automatic exclusion of the exemptions via the plan calculations, thereby rendering a final judgment as to the claimed exemptions, the cases were dismissed. Dismissal of the case returned the parties to the positions they were in prior to the filing of a case. It follows, then, that upon each dismissal, each respective chapter 13 trustee's actions or inactions regarding the exemptions were annulled and their positions were restored to their positions as they were prior to the filing of a case thereby negating any final judgment on the merits as to the Debtors' claimed exemptions. As to the case in which a plan was not confirmed, a final judgment was not rendered because a plan was not confirmed and an objection to the exemptions was never made nor made and sustained. Accordingly, a final judgment on the merits was not rendered in any of these four cases thereby precluding the application of res judicata.

As to the most recent case where Debtors' received a discharge, the first element of res judicata is not satisfied. The first element of res judicata requires the parties be the same in each case. Here, the trustees in each case are different. In the former case, the trustee that handled the case was John Patrick Lowe, a chapter 7 trustee.[6] In the current case, the trustee is Mary Viegelahn, a chapter 13 trustee. The Supreme Court recognizes six exceptions where nonparty litigants are bound by prior litigation: (1) a nonparty agrees to be bound by a prior judicial determination between other parties; (2) there is a substantive legal relationship between a nonparty and the initial litigation; (3) a nonparty was adequately represented in the prior litigation by someone with the

---

[6] Prior to Mr. Lowe being appointed to the case, Ms. Viegelahn served as the chapter 13 trustee. Arguably, during Ms. Viegelahn's appointment, the parties were the same in that case and the current case. For the reasons mentioned above, a final judgment on the merits was not rendered because a plan was not confirmed in the case and an objection to the exemptions was not made nor made and ruled upon.

same interests; (4) a nonparty assumed control of the prior litigation; (5) a nonparty is the proxy or agent of a party to the prior litigation; and (6) a special statutory scheme, such as bankruptcy, expressly forecloses subsequent litigation. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2172–73 (2008). This Court has not found a case indicating that the relationship between the chapter 7 trustee in a prior case and chapter 13 trustee in a subsequent case qualifies as one of the enumerated exceptions.[7] Nor have Debtors provided a case indicating such. Because there are two different trustees handling the cases, the parties are not identical, and therefore the first requirement of res judicata is not satisfied.

### B. Home Furnishings

Because the Court has determined that res judicata does not apply to the case at hand, the Court must now determine whether the items claimed as exempt constitute home furnishings under Tex. Prop. Code § 42.002(a)(1). This Court finds the answer to that question is "No."

Tex. Prop. Code § 42.002(a)(1) provides that "home furnishings, including heirlooms" are exempt from forced sale. "The purpose of the [home furnishings] exemption is to [exempt] the sorts of items one might furnish one's house with." *In re Leva,* 96 B.R. 723, 738 (Bankr. W.D. Tex. 1989). Thus, to determine whether the baseball cards and NASCAR collectibles are household furnishings within the meaning of Tex. Prop. Code § 42.002(a)(1), the Court must look to the purpose of the items. *See id.* (determining a mobile phone is not a household furnishing because while it may be a telephone, its "very portability suggests it was designed to accompany the debtor, not the house in which the debtor lives").

---

[7] On the contrary, the case law indicates otherwise. One court found res judicata does not apply to two chapter 7 trustees in two different cases because each trustee represented a different set of creditors. *Wolff v. Tzanides (In re Tzanides)*, No. 16-1261(RG), 2017 WL 3822023, at *25 (D. N.J. Aug. 28, 2017). Moreover, the Third Circuit held that a debtor-in-possession (DIP) assuming a lease in a chapter 11 case did not preclude the plan administrator in a subsequent chapter 11 case from rejecting the lease based on res judicata principles. *In re Montgomery Ward LLC*, 634 F.3d 732, 737 (3rd Cir. 2011).

Merriam Webster defines a "collectible" as "an object that is collected by fanciers."[8] Oxford Dictionary defines "collectible" as "an item worth collecting; of interest to a collector."[9] Lastly, Cambridge Dictionary defines "collectible" as "any object that people want to collect as a hobby."[10] These definitions suggest that the purpose of a "collectible" good is for accumulation by hobbyists, not for furnishing one's house. Accordingly, the Court finds that the baseball cards and NASCAR collections are not home furnishings under the meaning of Tex. Prop. Code § 42.002(a)(1) and therefore not exempt.

### CONCLUSION

IT IS THEREFORE ORDERED that Trustee's Objection to Exemptions (ECF No. 15) is GRANTED.

###

---

[8] *Collectible*, MERRIAM-WEBSTER (2017), *available at* https://www.merriam webster.com/dictionary/collectables?src=search-dict-hed.
[9] *Collectible*, OXFORD DICTIONARY (2017), *available at* https://en.oxforddictionaries.com/definition/collectable.
[10] *Collectible*, CAMBRIDGE DICTIONARY (2017), *available at* https://dictionary.cambridge.org/dictionary/english/collectable.